UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEON NATHANIEL WILSON, #326772

        Petitioner,

v.                                                    2:06CV278

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.   The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

        On October 1, 2003, in the Circuit Court of Arlington County, Virginia, petitioner was convicted of two counts of grand larceny, two counts of burglary, and one count of possession of burglarious tools. Petitioner was sentenced to serve fifteen years in the Virginia penal system.

        Petitioner appealed to the Virginia Court of Appeals, but on May 19, 2004, the appeal was denied.   Petitioner then appealed to the Supreme Court of Virginia, but on September 15, 2004, the appeal was dismissed for failure to perfect the appeal in the manner provided by law. See Sup.Ct.R. 5:17(c).   On August 2, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but the petitioner was dismissed on the merits on December 19, 2005.

On May 15, 2006, petitioner filed a petition for a writ of habeas corpus in this Court, and on August 14, 2006, respondent filed a motion to dismiss and Rule 5 answer.  The matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Petitioner's trial counsel was ineffective because:

   a.   counsel failed to raise on appeal the use of a coerced confession at trial;

   b.   petitioner was discriminated against by the purposeful exclusion of black jurors;

   c.   counsel failed to request a continuance in order to obtain an alibi witness;

   d.   petitioner was forced to testify in violation of his Fifth Amendment rights, because trial counsel asserted that such testimony was forthcoming in his opening statement, and the court admonished that there would be "consequences" if petitioner did not fulfill the expectation; and

   e.   counsel failed to preserve issues for appeal, by not objecting to the indictment, the sufficiency of the Commonwealth's evidence, and misconduct at trial;

2.   Petitioner's appellate counsel was ineffective because counsel violated Rule 5A:18, of the Rules of the Supreme Court of Virginia, resulting in petitioner's claims being procedurally defaulted and for arguing ineffective assistance of counsel on direct appeal.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with

the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)).  As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  <u>Id.</u> at 432.

## C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Pitchess v. Davis</u>, 421 U.S. 482, 487 (1975); <u>Joseph v. Angelone</u>, 184 F.3d 320, 325 (4th Cir. 1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see also</u>  <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Satcher v. Pruett</u>, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).  With the passage of the AEDPA, several modifications were made to habeas corpus law.  Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. <u>See</u> <u>Brown v. Angelone</u>, 150 F.3d 370, 371 (4th Cir. 1998).  However, the AEDPA created a statute of limitation for habeas corpus petitions.  <u>See</u> 28 U.S.C. § 2244(d)(1)(2000); <u>Brown</u>, 150 F.3d at 375.  The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus.  The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.  See id. § 2244(d)(2).

In this case, the Supreme Court of Virginia denied petitioner's direct appeal of his convictions on September 15, 2004. Since no petition for writ of certiorari was filed in the United States Supreme Court, petitioner's convictions became final on December 15, 2004.[1]  Accordingly, petitioner had one year from December 15, 2004, to file his federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).

Petitioner is entitled to exclude the time during which "a properly filed application for state post-conviction or other collateral review . . . is pending. . ."  28 U.S.C. § 2244(d)(2).  On August 1, 2005, 229 days after his state court judgment became final, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia.  At that point, his time for filing a federal petition was tolled.  On December 19, 2005, the state habeas petition was denied, and petitioner's time for filing a federal habeas petition once more began to run.  From December 19, 2005, petitioner then had 136 days, or until May 4, 2006, to file his federal habeas petition.  However, petitioner

---

[1] A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court.  See Harris v. Hutchinson, 209 F.3d 325, 338 (4th Cir. 2000).

did not file his federal habeas petition until May 11, 2006, seven days beyond the required filing date.

Having found that petitioner's federal habeas petition is time barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period. Petitioner asserts that irregularities and deficiencies in prison operations caused his petition to be untimely filed. (Pet'r Response To Resp't Mot. To Dismiss at 4.)

In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d) is analogous to a statute of limitations rather than a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 317-72 (4th Cir. 1998). Thus, under the appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). See Harris, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." Id. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a plaintiff is prevented from asserting his claims by egregiously wrongful conduct on the part of the defendant, and (2) where extraordinary circumstances beyond plaintiff's control made filing impossible. Id. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be reserved for those rare instances where - due to circumstances external

to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

In this case, petitioner has neither shown that he was prevented from asserting his claims by the wrongful conduct of respondent, nor that there were extraordinary circumstances beyond petitioner's control that caused him to find it impossible to file. Petitioner had one year to prepare his petition and to get the necessary copies made to accompany the petition. It is not the responsibility of the prison official's to assure that an inmate's petition is prepared in adequate time for mailing. The obstacles petitioner may have faced in filing his federal habeas petition are not unique and do not constitute "extraordinary circumstances beyond" his control. Harris, 209 F.3d at 330. The petition is barred by the statute of limitations and should be DISMISSED.

### E.  Claims 1(b), 1(d), 1(e), and 2 are Procedurally Defaulted.

Even if Claims 1(b), 1(d), 1(e), and 2 were not time barred, they are procedurally defaulted. Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986).  The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system.  Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[2]  In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims.  We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25).  In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition:  "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error."  The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991).  The Court held that the doctrine of procedural default will bar a federal habeas petition when

---

[2]  The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code.  Bassette, 915 F.2d at 936.  Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

a prisoner fails to meet a state procedural requirement.  <u>Id.</u> at 750.
Speaking for the Court, Justice O'Connor said:

> We now make it explicit:  In all cases in which
> a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and
> adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner
> can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of
> federal law, or demonstrate that failure to
> consider the claims will result in a fundamental
> miscarriage of justice. . . . We now recognize the
> important interest in finality served by state
> procedural rules, and the significant harm to the
> States that results from the failure of federal
> courts to respect them.

<u>Id.</u> at 750.

Moreover, the federal court is required to dismiss a
procedurally defaulted claim absent a showing of justifiable cause
resulting in actual prejudice.  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).
Petitioner has not made a showing of justifiable cause for his failure
to appeal the aforementioned issues to the Court of Appeals and the
Supreme Court of Virginia.  Therefore, the issue of actual prejudice need
not be addressed.

Petitioner asserts that his counsel was ineffective because an
all-white jury was enpaneled, in discrimination against petitioner,
(Claim 1(b)).  However, petitioner failed to raise the claim either on
direct appeal or in his state habeas petition.

Petitioner asserts that his right against self-incrimination
was violated when he was forced to testify because counsel stated in his
opening statement that such testimony was forthcoming and because the
court admonished that there would be "consequences," if petitioner did
not testify, (Claim 1(d)).  However, petitioner failed to raise the claim
on either direct appeal or in his state habeas petition.

Petitioner asserts that counsel was ineffective by failing to object to petitioner's indictment, the sufficiency of the Commonwealth's evidence, and misconduct at trial, failing to preserve such issues for appeal, (Claim 1(e)). Petitioner failed to raise the claim either on direct appeal or in his state habeas petition.

Petitioner asserts that appellate counsel was ineffective because he violated Rule 5A:18, of the Rules of the Supreme Court of Virginia, resulting in petitioner's claims being procedurally defaulted, and for arguing ineffective assistance of counsel on direct appeal, (Claim 2). However, petitioner failed to raise the claim either on direct appeal or in his state habeas petition.

Since the above claims (Claims 1(b), 1(d), 1(e), and 2) were not presented on either direct appeal of in petitioner's habeas petition, the claims are thus defaulted pursuant to sections 8.01-654(A)(2), and 8.01-654(B)(2), of the Virginia Code, and are precluded from federal review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). The claims are procedurally defaulted and should be DISMISSED.

**F.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of
> ineffectiveness must be whether counsel's conduct
> so undermined the proper functioning of the
> adversarial process that the trial cannot be relied
> on as having produced a just result.

. . . .

    A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

    There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective.  First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

    The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  That translates into a reasonable probability that "absent

the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner asserts that he was denied effective assistance of counsel because counsel did not raise on appeal the issue of petitioner's motion to suppress his confession, (Claim 1). The Supreme Court of Virginia found, and this Court agrees, that the claim is without merit. Wilson v. Warden, S.Ct. Ord., Rec. No. 051704 at 2. Appellate counsel has the discretion not to raise every conceivable issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-752 (1983). Furthermore, petitioner's motion to dismiss relied on his own testimony, which the trial court found to be wholly unbelievable. The fact that counsel elected not to pursue the issue on appeal is not problematic to this Court. Therefore, the claim satisfies neither the deficiency of performance nor the prejudice prong of Strickland. The claim is without merit and should be DISMISSED.

Petitioner asserts that his counsel was ineffective because he failed to request a continuance in order to call Christina Thompson as a witness, (Claim 1(c)). Petitioner claims that Thompson would have offered alibi testimony if allowed to testify. However, the Supreme Court found, and this Court agrees, the claim satisfies neither the

13

deficiency of performance nor the prejudice prong of <u>Strickland</u>.   The
Supreme Court of Virginia stated:

> [E]ven if counsel requested a continuance and
> called Ms. Thompson to testify, petitioner fails to
> demonstrate that Ms. Thompson would have provided
> exculpatory testimony.   Ms. Thompson's affidavit
> demonstrates that she would have provided alibi
> testimony for January 3, 2002, not the dates
> reflected in the amended indictments.   Petitioner
> does not offer any additional witnesses or
> testimony that counsel should have presented had he
> continued the trial nor has petitioner articulated
> the content of the testimony that would have been
> offered.

<u>Wilson v. Warden</u>, S.Ct. Ord., Rec. No. 051704 at 4.   The claim is without
merit and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that
petitioner's petition for writ of habeas corpus be DISMISSED and
respondent's motion to dismiss be GRANTED.   Petitioner has failed to
demonstrate "a substantial showing of the denial of a constitutional
right."   Therefore, it is recommended that the Court decline to issue any
certificate of appealability pursuant to Rule 22(b) of the Federal Rules
of Appellate Procedure.   See <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039
(2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are
notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the
Clerk written objections to the foregoing findings and recommendations
within ten days from the date of mailing of this report to the objecting
party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

Procedure, plus three days permitted by Rule 6(e) of said rules.  <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); F<span>ED</span>.R.C<span>IV</span>.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

  **January 31**        , 2007

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Leon Nathaniel Wilson, #326772, <u>pro</u> <u>se</u>
Powhatan Correctional Center
State Farm, VA  23160


Denise C. Anderson, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Acting Clerk


By _____
            Deputy Clerk

_____, 2007