```
            UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

LEON NATHANIEL WILSON, #326772,

        Petitioner,

v.	Civil Action No. 2:06cv278

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## **FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's conviction on October 1, 2003, in the Circuit Court of Arlington County, Virginia, for two counts of grand larceny, two counts of burglary, and one count of possession of burglarious tools, as a result of which he was sentenced to serve fifteen (15) years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on January 31, 2007. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on February 13, 2007, a document entitled "Objection to Magistrate Judge's Report and Recommendation."

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed on January 31, 2007. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis that petitioner's claims are barred by the statute of limitations, are procedurally defaulted and without merit. It is further ORDERED that judgment be entered in respondent's favor.

To the extent that the petitioner objects to the findings and recommendations of the Magistrate Judge, the objections are without merit.

First, petitioner has no right to object to the participation of the Magistrate Judge in resolution of this case. The case is assigned to the Magistrate Judge for the purpose of examining the pleadings submitted by the petitioner, reviewing the law, and making a recommendation with regard to what the disposition of this matter should be. The right of a hearing can be granted to a petitioner by the District Court, but in this particular case, the findings and conclusions of the Magistrate Judge do not support the grant of an evidential hearing.

To the extent that the Magistrate Judge found that petitioner's claims were procedurally barred by the statute of limitations, the objections are without merit. The time table

recited in the Report and Recommendation establishes that the petition was filed at least seven (7) days out of time. On August 2, 2005, 229 days after his state court judgment became final, petitioner filed his state habeas petition in the Supreme Court. On December 15, 2004, the petition was denied. When it was dismissed on December 15, 2004, petitioner had only 136 days left in which to file a federal petition. That petition was not filed within the 136 days. Needless to say the 229 days that elapsed after his state court judgment became final is unexplained. While petitioner would like to assert he had trouble getting copies, it is not the responsibility of prison authorities to copy records that the petitioner may need in order to be able to file a pleading in court, state or federal.

Petitioner has not pled any rational basis upon which a claim of equitable tolling might be granted, and therefore is not entitled to go forward with his petition.

Nevertheless, in spite of the failure of the petitioner to timely file his pleadings, the Magistrate Judge chose to address the issues raised by the petitioner on the merits. The Court has read carefully the objections filed by the petitioner, and appreciates his ability to cite particular legal principles, but notes the absence of facts cited in support of the particular principles.

Claims 1(b), 1(d), 1(e), and 2 are procedurally defaulted; they were raised neither on direct appeal nor were they raised in petitioner's state habeas corpus petition. Unless an issue has been presented to the highest court of the state for resolution, it may not be considered by this Court in pursuit of federal collateral relief. Petitioner could have asserted those claims in his state habeas petition and preserved the right to re-address them in this Court. He did not do so, and they are procedurally barred.

Petitioner's claim 1(a), alleging that his counsel failed to raise an issue on appeal which petitioner thinks should have been raised, is without merit. The Supreme Court of Virginia, and this Court, agree that the claim is without merit. Appellate counsel has discretion not to raise every conceivable issue on appeal. Jones v. Barnes, 463 U.S. 745 (751-752) (1983). Petitioner had a problem with his credibility, and counsel elected not to revisit the issue of credibility by raising the issue on appeal. Counsel had the right to make that decision.

Petitioner objects to the conclusion of the Magistrate Judge that his counsel was not ineffective for failing to call Christina Thompson as a witness. As noted by the Supreme Court of Virginia,

> Even if counsel requested a continuance and called Ms. Thompson to testify, petitioner fails to demonstrate that Ms. Thompson would have provided exculpatory testimony. Ms. Thompson's affidavit demonstrates that she would have provided alibi testimony for January 3, 2002, not the dates reflected in the amended indictments.

<u>Wilson v. Warden</u>, Supreme Court Order, Record No. 051704 at 4.  The claim was without merit and should be dismissed.

There is no basis upon which any of the claims made by the petitioner, when considered on the merits, should be granted.  The petition is ORDERED DISMISSED.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                                    /s/
                                          Rebecca Beach Smith

Norfolk, Virginia

March 7, 2007